United States District Court
Middle District of Florida
Jacksonville Division


**STEPHANIE SUE HARKINS,**

    **Plaintiff,**

**v.**                                                                                  **NO. 3:25-CV-326-LLL**

**GEORGE MICHAEL KNIPP, JR., AND
VIRGINIA TRANSPORTATION CORP.,**

    **Defendants.**

_____

### Order[1]

Before the Court is defendant Virginia Transportation Corp.'s Memorandum in Support of Removal, doc. 10, filed on April 11, 2025. Defendant removed this case from the Fourth Judicial Circuit in and for Duval County, Florida on March 27, 2025. Doc. 1. The Court then ordered Virginia Transportation Corp. (VTC) to provide to the Court sufficient information to determine why this action should not be remanded to state court for lack of diversity jurisdiction. *See* doc. 7. VTC filed three memos in

---

[1] On May 15, 2025, the parties consented to trial before a United States Magistrate Judge, through a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge. Doc. 19. The Court approved the consent to the Magistrate Judge on May 16, 2025. Doc. 20.

support of their jurisdictional assertion. Docs. 10, 11, and 13.[2] Having reviewed VTC's responses, the underlying complaint, and the applicable law, the Court finds that defendants have failed to plausibly allege that the amount in controversy exceeds the jurisdictional threshold under 28 U.S.C. § 1332(a). Accordingly, this action is due to be remanded to state court.

## Background

Plaintiff Stephanie Harkins filed this personal injury action in the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida, on March 11, 2025. Defendants George Michael Knipp Jr. and VTC then removed the case to federal court, asserting federal jurisdiction under 28 U.S.C. § 1332 based on diversity of citizenship. Shortly after removal, the Court ordered VTC to establish whether this Court has jurisdiction over the action, specifically instructing VTC to address the citizenship of the parties and the amount in controversy requirement. *See* doc. 7.

VTC filed a two-part response to the Court's Order, docs. 10, 11, asserting that plaintiff is a Florida citizen, VTC is a Rhode Island corporation, and defendant Knipp is a Maryland citizen. *See* doc. 11. VTC states they relied on a January 8, 2025, pre-suit demand letter from plaintiff's counsel seeking $500,000 in damages to establish the amount in controversy. Doc. 11 at 4-5. The demand letter referenced spinal

---

[2] Document 11 is substantively identical to Document 10 but includes two additional exhibits (11-3 and 11-4) providing supplemental jurisdictional evidence, namely the defendant's corporate registration and the plaintiff's medical records and images of vehicular damage. For purposes of this order, the Court references doc. 11 solely as it includes all relevant exhibits. Doc. 13 includes information about defendant Knipp's citizenship.

injuries, MRI results, and treatment at Physicians Group, LLC, along with medical records. *Id.*

On April 23, 2025, VTC submitted a supplemental memorandum, providing defendant Knipp's commercial driver's license as proof of domicile. Doc. 13. That same day, VTC also filed an answer to the Complaint. Doc. 12. Defendant Knipp filed his answer on May 12, 2025. Doc. 17. Despite these procedural developments, VTC's filings do not supply the evidentiary support necessary to establish that this case meets the requirements for federal jurisdiction.

## Authority

A defendant can remove a case from state to federal court only if the federal court has the power to hear it. 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction—they can only hear cases that the Constitution or statute specifically allow. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting 28 U.S.C. § 1447(c)). Therefore, the Court must be certain it has the legal authority to hear the case. *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994). The removing party, in this case the defendant, must prove that removal is proper. *See Univ. of S. Ala.*, 168 F.3d at 409. If there's any doubt about whether the case belongs in federal court, that doubt must be resolved in favor of sending the case back to state court. *See id.* at 411–12. Thus, the burden on a removing defendant is not trivial, and must rest on summary judgment-type evidence rather than speculation or conclusory allegations. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007) (holding that when the complaint does not specify the amount of damages

sought, the removing defendant must prove by a "preponderance of the evidence" that the amount in controversy requirement has been met.)

Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity of citizenship between all plaintiffs and all defendants, and the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Citizenship is determined by a party's domicile—that is, their true fixed, and permanent home or principal establishment to which they intend to remain. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002). For corporations, citizenship includes both the state of incorporation and the state of the corporation's principal place of business. 28 U.S.C. § 1332(c)(1). A plaintiff satisfies the amount in controversy requirement if she claims "a sufficient sum in good faith." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir 2003). A court can dismiss for failure to satisfy the amount in controversy requirement "only if it is convinced 'to a legal certainty' that the claims of the plaintiff in question will not exceed $75,000 (the current jurisdictional threshold)." *See McIntosh v. Royal Caribbean Cruises, Ltd.,* 5 F.4th 1309, 1312 (11th Cir. 2021). The removing party bears the burden of establishing each jurisdictional element by a preponderance of the evidence, and removal statutes are strictly construed. *See Lowery*, 483 F.3d at 1211. Where jurisdictional facts are neither facially apparent nor supported by competent proof, the court must resolve all doubts in favor of remand. *Id.* at 1215.

## Analysis

The Court first looks to whether the case was timely removed. Under 28 U.S.C. § 1446(b)(1), a defendant must file a notice of removal within 30 days after receiving, through service or otherwise, a copy of the initial pleading. Here, VTC removed the action on March 29, 2025, within 30 days of being served with the complaint. No party has challenged the timeliness of removal, and the Court finds that the removal was timely under the statute. Therefore, the Court now determines if jurisdiction has been sufficiently alleged.

### A.    Citizenship of the parties.

The Court previously warned that the pleadings failed "to adequately allege the citizenship of the following parties: Stephanie Sue Harkins, Virginia Transportation Corp., and George Michael Knipp, Jr." Doc. 7 at 2. To establish diversity jurisdiction under 28 U.S.C. § 1332(a), a complaint must allege an individual's citizenship which requires both residency and intent to remain there indefinitely. *See Travaglio v. Am. Exp. Co.,* 735 F.3d 1266, 1269 (11th Cir. 2013) (*citing McCormick*, 293 F.3d at 1257 (defining domicile as a concurrent showing of both physical presence at the new location and an intention to remain there indefinitely)) (internal citations omitted). While residency is a necessary component, it is not sufficient by itself; courts must evaluate both elements to determine a party's domicile. *See Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005). Courts consider a range of objective factors to assess intent to remain, including ownership of real or personal property, business or employment ties, location of bank and tax records, voter registration, vehicle registration, driver's

license, membership in local organizations, and sworn declarations of intent. *Id*; *see also McCormick,* 293 F.3d at 1258.

The Court analyzes each party's citizenship separately. As to plaintiff Harkins, VTC adequately asserts that plaintiff is domiciled in Florida based on her active real estate license in Florida, property ownership in Baker County, and employment with a Florida brokerage. Doc. 11-1 at 1. VTC also included homestead records and licensing documentation, which supports their claim of plaintiff's being domiciled in Florida. Doc. 11-2. The Court finds this sufficient to establish plaintiff's citizenship in Florida.

As to VTC's citizenship, for purposes of 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). VTC alleges that it is incorporated in Rhode Island and maintains its principal place of business there. Doc. 11 at 3. Their allegations satisfy the requirement of 28 U.S.C. § 1332(c)(1), and the Court is satisfied that VTC's citizenship is in Rhode Island.

As to defendant Knipp, VTC relied on a Maryland commercial driver's license and alleged voter registration to establish domicile. *See* doc. 11 at 3; doc. 13-1. VTC asserts that Knipp's commercial driver's license "confirm[s] his residence at the time of the subject accident in Maryland and intent to remain at the current domicile." Doc. 18 at 2. While the driver's license may suggest residency, without more, it is insufficient to establish citizenship. *See Travaglio,* 735 F.3d at 1268 ("For diversity

6

purposes, citizenship means domicile; mere residence in the State is not sufficient.")
A driver's license is just one factor that the Court may look at to determine domicile.
*See McCormick*, 293 F.3d at 1258.The alleged voter registration–of which VTC provides
no information–introduced in the conclusion of documents 10 and 11 appears
nowhere else in defendant's documents. VTC has not submitted any additional
evidence, such as tax records, sworn affidavits, or long-term residence history, to
demonstrate Knipp's intent to remain in Maryland. In contrast to the various evidence
provided regarding plaintiff's Florida domicile, the record on Knipp is sparse. A
driver's license suggests only current residence, and the reference to voter registration,
without more, does not establish domicile. Because VTC has not provided affirmative
proof of both residency and intent to remain, it has failed to carry its burden of
establishing Knipp's domicile.

For the reasons stated above, the Court is not satisfied that the parties are fully
diverse as defendant Knipp's citizenship is not adequately pled. Additionally, the
Court also warned the parties that to establish federal jurisdiction the amount in
controversy must be adequately pled to exceed $75,000. Doc. 7 at 5. As such, the Court
also looks to VTC's responses attempting to clarify if they satisfy this jurisdictional
requirement.

### B.    *Amount in Controversy*

To support federal jurisdiction under 28 U.S.C. § 1332, a defendant seeking
removal must establish that the amount in controversy exceeds $75,000, exclusive of
interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B). The Court notified the parties that

"[t]he allegations are too conclusory and lack specific supporting facts such that the Court can do no more than speculate or guess as to the amount in controversy." Doc. 7 at 5. When, as here, the amount is not apparent from the face of the complaint the removing party must offer competent proof to establish the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754–55 (11th Cir. 2010).

In the complaint, Harkins alleges "…damages that exceed the sum of Fifty Thousand Dollars," which falls below the statutory threshold of $75,000. Doc. 5 ¶ 1. VTC argues, however, that the Court can reasonably conclude from the allegations in the complaint that the amount in controversy exceeds $75,000. Doc. 11 at 3. To bridge the jurisdictional gap, defendant VTC also relies on a pre-suit settlement demand letter and medical records sent by plaintiff's counsel on January 8, 2025, requesting $500,000 in damages. *See* doc. 11 at 4; doc. 11-4. While a detailed and substantiated demand letter may assist the defendant in showing the amount in controversy, reference to a dollar figure without reliable evidence is not sufficient. *See Lowery*, 483 F.3d at 1215 (holding that without specific factual allegations supporting jurisdiction, the Court cannot rely on speculation to establish it.) Pre-demand settlement letters should not be considered when it "reflect[s] puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *see also Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv1965-ORL-22TBS, 2015 WL 12838805, at

*2 (M.D. Fla. Dec. 16, 2015) (quoting *Moser v. Cincinnati Ins. Co.,* No. 8:14-cv-3121-CEH-TWG, 2015 WL 628961, at *2 (M.D. Fla. Feb. 12, 2015)).[3]

The Court cannot conclude here that the demand letter is an honest assessment of plaintiff's damages. The letter briefly references plaintiff's claims of experiencing spinal pain, receiving MRI imaging that allegedly revealed disc bulges and herniations, and her treatment at Physicians Group, LLC. *See* doc. 11 at 4; doc. 11-4. While VTC submitted medical records from Physicians Group, LLC, they do not recommend any related surgical procedures and the itemized billing totals $17,274.22. *Id.* Even if plaintiff did not originally include medical bills in the damages request in the complaint, this would bring the claimed damages up to only $67,272.22[4]–still well below the statutory threshold.[5]

Courts may credit a demand letter when it is supported by detailed diagnoses and a medical basis for damages, however, that level of specificity is not present here. *See Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, at *3 (S.D. Fla. Jan. 11, 2012). The demand letter lacks sworn statements from medical

---

[3] The court acknowledges that unpublished opinions are not binding precedent, and they are not cited as such. They may, however, be cited for persuasive authority, and are done so here. *See McNamara v. Gov.'t Emps. Ins. Co*., 30 F. 4th 1055, 1060-61 (11th Cir. 2022).

[4] The $50,000 requested in plaintiff's complaint plus the $17, 274.22 equals $67,272.22. The Court notes that the complaint does not specify the damages categories. *See* doc. 5.

[5] The included medical records show that plaintiff has a history of spinal issues, including an L5-S1 fusion performed in 2015 prior to the subject accident. Doc. 11-4. The Court, as this case is in its infancy, does not speculate about whether the damages presented in the medical records are a result of the accident or plaintiff's prior surgery.

professionals and does not clearly link the claimed expenses to plaintiff's new injuries allegedly caused by the collision. While defendant has submitted medical records documenting soft-tissue complaints and conservative chiropractic care, there is no evidence of invasive treatment, surgical recommendation, or permanent impairment. *See* doc. 11-4. In conjunction, the pre-suit demand letter also included photos of the damage to plaintiff's vehicle. Doc. 11-4 at 72-76. The photos of the accident carry limited evidentiary value in establishing that the amount in controversy exceeds $75,000 because they only depict minor cosmetic damages to the front passenger-side bumper and fender with no visible structural deformation or signs of a high-impact collision. *Id.* The Eleventh Circuit requires a removing defendant to prove the amount in controversy with competent proof, not mere speculation or conjecture. *See Pretka*, 608 F.3d at 754; *Lowery*, 483 F.3d at 1215. Here, VTC's evidence is insufficient. The photographs depicting only minor cosmetic damage to the plaintiff's vehicle undercut the credibility of the pre-suit demand. Accordingly, the Court finds that VTC has failed to carry its burden of proving by a preponderance of the evidence that the jurisdictional threshold is met.[6]

---

[6] Once remanded, the parties can engage in discovery as permitted by the Florida Rules of Civil Procedure. If defendant determines at a later time the case is or has become removable, it may consider filing another notice of removal under 28 U.S.C. § 1446, if procedurally appropriate.

It is **ordered**:

1.    This case is **remanded** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

2.    The Clerk of the Court is **directed** to transmit a certified copy of this Order to the clerk of that court.

3.    The Clerk of the Court is further **directed** to close the case, terminate any remaining motions and deadlines as moot, and to close the file.

**Ordered** in Jacksonville, Florida on August 5, 2025.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Jennifer Catherine Biewend, Esquire
James P. Hanratty, Esquire